UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

FORDHAM FINANCIAL
SERVICES, INC.,

    Plaintiff,                               Case No. 3:13-cv-00271

vs.

VENTRAMEX S.A. DE C.V.,           District Judge Walter H. Rice
                                                      Magistrate Judge Michael J. Newman

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT'S MOTION TO DISMISS (DOC. 18) BE GRANTED; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

This civil case is before the Court on a motion to dismiss filed by Defendant Ventramex S.A. de C.V. ("Ventramex"), a Mexican corporation, for failure to state a claim. Doc. 18. Plaintiff Fordham Financial Services, Inc. ("Fordham"), an Illinois corporation, filed a memorandum in opposition and Ventramex filed a reply memorandum. Docs. 23, 25. The Court has carefully considered each of these documents and Ventramex's motion is ripe for decision.

**I.**

The factual underpinnings of Fordham's complaint begin with a vendor relationship between Moraine Molded Plastics ("Moraine") and Deuer Manufacturing ("Deuer") -- each Ohio corporations -- wherein Moraine would "supply Deuer with plastic parts related to the auto industry." Doc. 1 at PageID 2. The agreement provided that Deuer would request purchase orders from Moraine, "Moraine would supply the parts . . . [and] issue an invoice . . . for payment," and Deuer would submit payments to Moraine. *Id.* at PageID 2-3.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

On December 4, 2003, "Moraine sold its receivables to Fordham under a factoring agreement." Doc. 1 at PageID 3; doc. 1-3 at PageID 28-35. The factoring agreement contemplated that Deuer would "make payments on the invoices [from Moraine] directly to Fordham[.]" Doc. 1 at PageID 3; doc. 1-3 at PageID 28-35. Thereafter, Deuer consistently paid Fordham directly. Doc. 1 at PageID 3. On April 26, 2004, Moraine received notice[2] that Deuer was "moving" to Ventramex[3] in Mexico. *Id*. According to Fordham, Moraine was assured they would still be "dealing with the same company; only the location had . . . changed." *Id*. Moreover, the notification provided that "payments from Ventramex w[ould] be made in the same timely manner as [Moraine] ha[d] come to expect from Deuer[.]" *Id*.

On June 27, 2004, Moraine sent a copy of the Fordham factoring agreement to Ventramex along with "a cover letter reiterating its instructions that [Ventramex's] payment on the invoices should be sent directly to Fordham[.]" *Id*. However, between December 9, 2004 and May 9, 2005, Ventramex issued two purchase orders[4] to Moraine, received the goods from Moraine requested in the purchase orders, and submitted payment for those goods directly to Moraine instead of Fordham. *Id*. at PageID 4. Fordham contends that, to this day, "Ventramex has not paid Fordham for the product [Ventramex] received from Moraine[.]"[5] *Id*.

On August 4, 2006, Fordham sued Ventramex alleging that Ventramex "failed to pay for . . . purchased goods[.]" *See Fordham Fin. Servs., Inc. v. Ventramex S.A. de C.V.*, No. 1:06-cv-00513, 2008 WL 2796734, at *1 (S.D. Ohio July 16, 2008) (hereinafter "*Ventramex I*").

---

[2] Fordham, in the complaint, states that notice came from Flex-N-Gate Bradford. Doc. 1 at PageID 3.

[3] Ventramex is a limited liability company located in, and organized under the laws of, Mexico. Doc 18-1 at PageID 225-26. Further, Ventramex "operates solely in Mexico and has no plants, offices, or agents within the United States." *Id*.

[4] One purchase order contained a forum selection clause providing "[w]hichever and all . . . disputes that may arise between the Seller and the Buyer will be handled by the Quetaro Court (Mexico)." Doc. 18-2 at PageID 237.

[5] In 2005, Moraine ceased doing business. Doc. 1 at PageID 4.

Ventramex filed a motion to dismiss the complaint in that case, which the Court denied. *Id*. Nevertheless, in the Order denying Ventramex's motion, the Court directed Fordham to seek a waiver of service of process. *Id*. Fordham, however, failed to seek the waiver of service and Ventramex renewed its motion to dismiss. *Id*. Ultimately, the Court -- on July 16, 2008 -- granted Ventramex's motion, dismissed the case without prejudice to refile, and awarded Ventramex attorney's fees and costs. *Id*. at \*2; *see also* doc. 18 at PageID 206-07.

On June 17, 2009, Fordham again sued Ventramex in this Court. *See* Complaint, *Fordham Fin. Servs., Inc. v. Ventramex S.A. de C.V.*, No. 1:06-cv-00513 (hereinafter "*Ventramex II*"). On February 21, 2013, the Court dismissed the case without prejudice "for lack of prosecution." *Id*. at doc. 18. On August 15, 2013, Fordham filed this third lawsuit against Ventramex, again in the Southern District of Ohio. *See* doc. 1 (hereinafter "*Ventramex III*").

## II.

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"

*Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

### III.

In its motion to dismiss, Ventramex asserts that: (A) Fordham's claims are time-barred by the applicable statute of limitations; (B) a forum selection clause requires the dispute be litigated in Mexico; and (C) this Court lacks personal jurisdiction over Ventramex.  Doc. 18.  In response, Fordham argues that its claims are not time-barred and fails to address or oppose Ventramex's remaining arguments.  Doc. 23 at PageID 287-90.  Because the undersigned concludes that

4

Fordham's claims are time-barred, Ventramex's remaining arguments are not addressed in this Report and Recommendation.

Where this Court's jurisdiction is based upon diversity -- as it is here -- the Court "must apply the procedural law, including statutes of limitations, of the forum state[.]" *Mackey v. Judy's Foods, Inc.*, 867 F.2d 325, 328 (6th Cir. 1989). Notably, consistent with the foregoing, both parties cite Ohio law in support their statute of limitations arguments. *See* doc. 18 at PageID 209-11; *see also* doc. 23 at PageID 287-90. Accordingly, in determining the applicable statute of limitations and whether this action is barred thereby, the Court will apply Ohio law. *See Mackey*, 867 F.2d at 328.

In Ohio, the general limitations period for breach of contract claims is eight years after accrual of the cause of action. Ohio Rev. Code § 2305.06. One explicit exception to that eight year limitations period concerns breach of contract claims involving the sale of goods, which "must be commenced within four years after the cause of action has accrued." Ohio Rev. Code § 1302.98(B); *see also Wells v. Visual Sec. Concepts, Inc.*, No. 04-ca-118, 2005 WL 1985227, at *3 (Ohio Ct. App. Aug. 16, 2005). Here, Ventramex argues that the specific four year statute of limitations governing the sale of goods set forth in Ohio Rev. Code § 1302.98(B) applies, *see* doc. 18 at PageID 209, whereas Fordham asserts that the general eight year limitations period set forth in Ohio Rev. Code § 2305.06 applies. Doc. 23 at PageID 287. Fordham makes no argument as to why the shorter limitations period in Ohio Rev. Code § 1302.98(B) does not apply, despite specifically alleging in its complaint that the contracts breached concerned the sale of goods. *See* doc. 1 at PageID 5. Because the contracts at issue here concern the sale of goods -- as alleged by Fordham -- absent specific argument by Fordham to the contrary, the

5

undersigned concludes that the four-year statute of limitations governs.  *Cf. Int'l Periodical Distrib. v. Bizmart, Inc.*, 768 N.E.2d 1167, 1168-69 (Ohio 2002).

Next, the Court must determine when the cause of actions asserted by Fordham accrued. *See Collins v. City of Columbus*, No. 211-cv-708, 2012 WL 2458406, at *5 (S.D. Ohio June 27, 2012).  "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach."  Ohio Rev. Code § 1302.98(B).  Here, Moraine invoiced Ventramex between December 9, 2004, and May 9, 2005 and, pursuant to the terms of those invoices, Ventramex was required to make payment within thirty days.  *See* doc 1 at PageID 4; doc. 1-11 at PageID 110.  Thus, the first invoice required payment by January 8, 2005, see doc. 18-3 at PageID 244, whereas the last invoice required payment by June 8, 2005.  *Id*. at PageID 272.  Construing Fordham's allegations as true -- as the Court is required to do when determining a motion to dismiss -- Fordham's claims accrued, at the latest, on or about June 9, 2005. Accordingly, pursuant to the applicable statute of limitations set forth in Ohio Rev. Code § 1302.98(B), Fordham was required to file suit on or before June 9, 2009.

Without dispute, this case (*Ventramex III*) was filed on August 15, 2013, after expiration of the statute of limitations.  *See* doc. 1 at PageID 1-6.  Fordham, however, argues that a savings provision applies to render this case timely filed following dismissal of *Ventramex II* on February 21, 2013.  Doc. 23 at PageID 287-90.  Generally, "[s]avings statutes operate to give a plaintiff a limited period of time in which to refile a dismissed claim that would otherwise be time-barred."  *Int'l Periodical*, 768 N.E.2d at 1168.  Ohio Rev. Code § 1302.98(C) sets forth the

6

savings provision applicable to contract claims involving the sale of goods.[6] *Id*. at 1169-70 (holding that Ohio Rev. Code § 1302.98(C), and not the general savings provision set forth in Ohio Rev. Code § 2305.19, applies to disputes arising from contracts for the "sale of goods"). Thus, the savings provision applies where (1) the preceding suit was "filed within the time required by [the] statute of limitations"; and (2) the preceding suit is dismissed without prejudice after the "statute of limitations . . . has already expired." *See id*. at 1168.

Here, the savings provision does not apply to render *Ventramex III* timely filed for two reasons. First, *Ventramex II* -- filed on June 17, 2009 -- was not commenced within the four year limitations period that expired on June 9, 2009.[7] Second, even assuming, *arguendo*, that *Ventramex II* was timely filed within the original limitations period, because that case was dismissed for failure to prosecute, Fordham would not be given the benefit of the saving statute when it filed *Ventramex III*. *See* Ohio Rev. Code § 1302.98(C) (specifying the six month saving provision does not apply where termination of the prior action resulted "from dismissal for failure or neglect to prosecute"). As a result, because the savings provision does not apply, Fordham's claims in the instant case (*Ventramex III*) are time-barred under Ohio Rev. Code § 1302.98(B).

---

[6] Ohio Rev. Code § 1302.98(C) provides that, "[w]here an action commenced within the [four year limitations period] is so terminated as to leave available a remedy by another action for the same breach, such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute."

[7] Though Fordham timely filed *Ventramex I* before expiration of the original limitations period, that case was dismissed without prejudice on July 16, 2008, *i.e.*, before expiration of the original June 9, 2009 statute of limitations. Thus, Fordham was required to file *Ventramex II* before expiration of the original June 9, 2009 statute of limitations -- which it did not. *See Int'l Periodical Distribs.*, 768 N.E.2d at 1168.

## IV.

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that: (1) Defendant's motion to dismiss (doc. 18) be **GRANTED** in its entirety; and (2) this case **TERMINATED** on the Court's docket.

Date: April 23, 2015                             s/ Michael J. Newman
                                                 Michael J. Newman
                                                 United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).